## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 05-CR-443-9** |
| **v.** | : | 07-CR-293 |
| | : | |
| **ERIC HAYES,** | : | **(Chief Judge Kane)** |
| | : | |
| **Defendant** | : | |

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 05-CR-443-11** |
| **v.** | : | 07-CR-292 |
| | : | |
| **ROBERT SCOTT, SR.,** | : | **(Chief Judge Kane)** |
| | : | |
| **Defendant** | : | |

### MEMORANDUM AND ORDER

Before the Court are motions to consolidate indictments against Defendants Hayes and

Scott, Sr., in criminal numbers 07-293 and 07-292, respectively, with the superseding indictment

in United States v. Robinson, et al., No. 05-CR-443.  (Doc. Nos. 907 & 908.)[1]  The decision to

consolidate indictments for the purposes of trial is a matter entrusted to the discretion of the

Court, United States v. Halper, 590 F.2d 422, 428 (3d Cir. 1975), and for the reasons explained

below, the Court concludes that consolidation for trial would not be appropriate under the

circumstances.  Accordingly, the Court will deny the Government's motions.

_____

[1]  The Government's motions to consolidate cite Rule 8(a) Federal Rules of Criminal
Procedure as the basis for consolidation.  (Doc. No. 907, ¶ 4; Doc. No. 908, ¶ 4.)  Rule 8(a)
permits the joinder of offenses into a single indictment if the offenses charged are "of the same
or similar character, or are based on the same transaction, or are connected with or constitute
parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).  In its brief in support of the motions
(Doc. No. 973), the Government also relies upon Rule 13 of the Federal Rules of Criminal
Procedure, which addresses the joint trial of separate cases.  Fed. R. Crim. P. 13.  Under either
rule, as discussed in the body of this memorandum, consolidation will be denied.

I.      **BACKGROUND**

On December 8, 2005, Defendants Eric Hayes, Robert Scott, Sr., and several other defendants were indicted in United States v. Robinson, No. 1:05-CR-443 ("Robinson"), for their alleged involvement in a multi-year, nationwide conspiracy to engage in the interstate sex trafficking of women and other related crimes.  Defendants Hayes and Scott, Sr., entered pleas of not guilty to the charges against them, and after several continuances, trial is scheduled to commence on Monday, October 1, 2007.

On July 25, 2007, a grand jury for the Middle District of Pennsylvania issued two new three-count indictments against Defendants Hayes and Scott, Sr., at criminal numbers 07-293 and 07-292, respectively.  The 2007 indictment against Defendant Hayes charges him with two counts of the sex trafficking of a minor in or about August 2003, in violation of 18 U.S.C. § 1591 and 18 U.S.C. § 2423(a), and with the sex trafficking of another individual in or about December 2004, in violation of 18 U.S.C. § 2421.  The 2007 indictment against Scott, Sr., largely parallels that of Hayes: the grand jury charged Scott, Sr., with the sex trafficking of a minor in or about September and October 2003, in violation of 18 U.S.C. § 1591 and 18 U.S.C. § 2423(a), and with the sex trafficking of another individual in or about October 2003, in violation of 18 U.S.C. § 1591.

Approximately three weeks after the indictments were issued, on August 15, 2007, the Government moved to consolidate the 2007 indictments against Defendants Hayes and Scott, Sr., with Robinson for the purpose of trial.  No brief in support of the motions was filed until

September 10, 2007, after the omission was brought to the Government's attention.[2]  (See Doc.

Nos. 964, 972, 973); L.R. 7.5.  Defendants Hayes and Scott, Sr., filed timely briefs in opposition

to the motion, and the matter is now ripe for disposition.

## II.    DISCUSSION

The Government contends that consolidation of the 2007 indictments with the 2005

superseding indictment for the purpose of trial is an appropriate exercise of this Court's

discretion.  The Government notes that this Court had previously consolidated indictments

issued in February 2007 with the Robinson action, and the Government suggests that the same

reasons would support consolidation now.[3]  The Government argues that the new indictments

are, in fact, extensions of the 2005 indictment that detail additional criminal conduct in

furtherance of the overarching criminal conspiracy at issue in Robinson.  (Doc. Nos. 907-908,

973.)  Because the indictments address the same transaction and are parts of a common scheme

or plan, the Government contends that the public interest in resolving the matter in one trial and

---

[2]  The Court notes that by that date, there were outstanding motions for particulars in both of the 2007 cases as well as a motion for a Kastigar hearing by Defendant Hayes.  These motions had been filed prior to September 10, 2007, but they have only recently become ripe for adjudication.

[3]  Although the Government relies on the Court's previous ruling, the procedural postures are dissimilar.  On March 8, 2007, the Government moved to consolidate indictments against Defendants Robinson, Price, Britton, Maxewell, and Scott, Sr., issued by the grand jury on February 20, 2007, with the Robinson case.  (Doc. Nos. 690-694.)  While some Defendants concurred in the motions for consolidation, others did not.  (See id.) On March 14, 2007, the Government filed a timely brief in support of their motions.  (Doc. No. 702.)  Defendants did not file briefs in opposition to consolidation.  See L.R. 7.6 ("Any respondent who fails to [file a timely brief in opposition] shall be deemed not to oppose such motion.").  On April 25, 2007, after consideration of the Government's arguments in support of consolidation, the Court granted the unopposed motions.  (Doc. Nos. 768-772.)  Here, the Government did not file briefs in support of consolididation in a timely manner, and Defendants promptly filed briefs in opposition.

the interests of judicial economy weigh in favor of consolidation.  (See, e.g., Doc. No. 973, at 5.)

By contrast, Defendants oppose consolidation on the grounds that it would be an improper use of the Court's discretion to permit consolidation "on the eve of trial."  Defendants note that the Government failed to brief the motion, thereby causing the motion not to become ripe until September 12, 2007, only nineteen days before jury selection in Robinson.  Given the complexity of the case, the severe penalties attached to the most recent charges, the pending pretrial motions in all three cases, and the limited amount of time until trial, Defendants urge the Court to deny the Government's motions.[4]  Moreover, Defendants explain that the scant amount of information they have about the individuals named in the 2007 indictments renders impracticable any meaningful investigation into the specific criminal acts alleged therein.

Upon consideration of these arguments and other relevant factors, the Court concludes that consolidation would not be appropriate at this late stage in the Robinson litigation.  While in some instances the interests of judicial economy weigh in favor of consolidation of indictments for the purpose of trial, this is not such a case.  See, e.g., United States v. Davis, 598 F. Supp. 453, 459 (D.C.N.Y. 1984) (denying a defendant's untimely motion to consolidate, which came "as a practical matter, upon the eve of trial, after the Government has made its trial and witness preparations and this Court has reserved the time").  Trial in Robinson for all of the Defendants was originally scheduled to commence on October 2, 2006, and has been rescheduled five times. Defendants have remained in custody throughout these delays.  The interests of justice demand

---

[4]  In the event that the Court were to grant the motions to consolidate, Defendant Hayes requests that the consolidated trial be continued to allow him sufficient time to investigate the allegations in the most recent indictment and otherwise prepare his defense for both sets of indictments.

finality and the judicial-economy concerns cited by the Government dwindle substantially as the long-anticipated trial date nears.  The Court has reservations whether Defendants would be able to adequately investigate and defend against the specific allegations of wrongdoing addressed in the 2007 indictments before the October 1, 2007, trial date, and accordingly finds that it would be inappropriate to consolidate the indictments as the Government requests.

**III.    ORDER**

**AND NOW**, this 20th day of September, 2007, **IT IS HEREBY ORDERED** that the Government's motions to consolidate (Doc. Nos. 907 & 908) are **DENIED**.

 S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania