# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 05-CR-443-9 |
| v. | : | 07-CR-293 |
| | : | |
| ERIC HAYES, | : | (Chief Judge Kane) |
| | : | |
| Defendant | : | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 05-CR-443-11 |
| v. | : | 07-CR-292 |
| | : | |
| ROBERT SCOTT, SR., | : | (Chief Judge Kane) |
| | : | |
| Defendant | : | |

## ORDER

**THE BACKGROUND TO THIS ORDER IS AS FOLLOWS:**

Before the Court is the Government's motion for reconsideration of this Court's September 20, 2007, order denying consolidation of the within indictment and the superseding indictment in United States v. Robinson, No. 05-CR-443. (Doc. No. 28; Doc. No. 30.) The motion for reconsideration was filed on September 24, 2007, and for the reasons that follow, the motion will be denied.

On December 8, 2005, the Government brought a 102-page, 32-count indictment against 16 defendants, including Defendants Scott, Sr., and Hayes, charging them with a course of criminal conduct occurring from 2001 through the date of indictment. Specifically, Defendant Scott, Sr., is charged in Counts 7, 2, 22, 23, and 25, and Defendant Hayes is charged in Counts 1, 2, and 18.

Defendant Scott, Sr., was ordered detained on the indictment on February 16, 2006.

Defendant Hayes was arrested and ordered detained on January 24, 2006.  Since then, both Defendants have been confined awaiting trial.  Because of the complexity of the case, the extensive nature of discovery, and the volume of materials disclosed by the Government, trial has been continued six times.  Initially, trial was scheduled for March 14, 2006.  Subsequently, trial was rescheduled for May 1, 2006, October 2, 2006, February 5, 2007, April 2, 2007, June 4, 2007, and June 19, 2007.  Trial will commence on October 1, 2007.

Since the last scheduled trial date, the Grand Jury issued new indictments against Defendants Scott, Sr., and Hayes.  On July 25, 2007, a three-count indictment issued against Scott, Sr., and a three-count indictment against Hayes.  Both indictments charge Defendants with the transportation of persons across state lines for purposes of prostitution, 18 U.S.C. § 2421, and the transportation of a juvenile across state lines for purposes of prostitution, 18 U.S.C. §§ 1591, 2423(a).  In the Scott, Sr., indictment, the "persons" are identified as G.H., a juvenile, and C.A.  In the Hayes indictment, the "persons" are identified as J.R., a juvenile, and D.F.

On August 15, 2007, the Government moved to consolidate these new indictments with the original indictment now pending trial.  Because the motion was not briefed consistent with the local rules, it was not immediately resolved.  After the Court expedited briefing, the Court denied the motion, rejecting the Government's argument that judicial economy compelled consolidation.  The briefing did not disclose the identities of J.R., D.F., G.H., and C.A., nor did any counsel suggest to the Court that the identities of these persons were already known to Defendants or clarify in any meaningful way the relationship between these "persons" and the original indictment pending imminent trial.  Accordingly, the Court favored Defendants' right to adequately prepare a defense over the strong desire to promote judicial economy in a case that

had already lingered long in the Court and which the Court expects will consume a full month of trial time and the commitment of 18 jurors.

Now, after full opportunity to be heard on the motion to consolidate, the Government seeks reconsideration, arguing for the first time that the evidence that the Government will offer in support of the new indictments will also be offered in the Governments' prosecution in the original indictments. Thus, the Government argues that Defendants will not be disadvantaged by consolidation, as they will not be required to review additional discovery because "[t]he only other evidence [would be] the testimony of the victim witnesses." (Doc. No. 29, at 4; Doc. No. 31, at 4.)

No one has represented that J.R., D.F., G.H., and C.A. are victims in the original indictment and the Court does not believe that to be the case.[1] Indeed, all along, Defendants have denied that they knew the specific identities of these witnesses. The Court cannot resolve this factual dispute without the benefit of reviewing all of the discovery in the case. Notwithstanding this dispute, however, it is clear is that Defendants will be unfairly prejudiced by eleventh-hour indictments that bring three additional counts naming new victims, even if

---

[1] The Court has carefully reviewed these new arguments and the representations of counsel during argument on the motions during an in-chambers meeting with all counsel on September 25, 2007. At that time, the Government represented that the new indictments were filed as the identities of new victims became known to the Government. The Court cannot reconcile this perfectly reasonable explanation with the Government's suggestion that Defendants will not be prejudiced because the discovery they would need to defend against the new indictments is already in their hands.

If J.R., D.F., G.H., and C.A. are named persons in the original indictment, or are witnesses who are well known to Defendants, that fact is lost on the undersigned. The original indictment references the victims by number (for example, "Juvenile #1"), and the Court has not had the benefit of reviewing the literally thousands of pages of discovery with which counsel is familiar.

these victims are acquaintances of Defendants.

Even if Defendants were aware of the identities of these women as they prepared for trial, their addition as named victims threatens to significantly alter Defendants' management of the testimony of these witnesses and their trial tactics. An order granting consolidation based upon the Government's motion for reconsideration filed on September 24, 2007 – just five working days before jury selection – will result in prejudice to Defendants that no considerations of judicial economy can outweigh. The Government is not entitled to the relief it seeks. This would be so upon the Court's first review of the matter. This is even more clear on a motion for reconsideration.

Motions for reconsideration are "not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." United States v. Wieder, No. 3:05-CR-165, 2007 WL 2743734, at *1 (M.D. Pa. Sept. 18, 2007) (quoting Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)). Neither are they a means to allow an aggrieved party "to put forward additional arguments [the party] could have made but neglected to make before judgment." McDowell Oil Serv., Inc. v. Interstate Fire and Cas. Co., 817 F. Supp. 538, 541 (M.D. Pa. 1993). Instead, motions for reconsideration serve the narrow purpose of correcting "manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). The Third Circuit has therefore held that "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [for reconsideration]; or (3) the need to correct a clear error of law

or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Here, the Government has not identified any basis for reconsideration. Although the Government's brief presents several persuasive arguments that may have merited a different outcome, these arguments could have been raised in their original motion, their brief in support, or in a reply brief to Defendants' opposition.[2] Regardless of the appeal of the Government's newly advanced arguments, the interest in the finality of Court orders require the conclusion that, absent clear error, intervening case law, or newly discovered evidence, the Court is constrained to deny the Government's motion. Trial in this case is set to commence in less than three business days, and delays caused not by new circumstances but through prosecutorial inadvertence cannot serve as the basis for reconsideration.

**ACCORDINGLY**, on this 27th day of September, 2007, upon consideration of the Government's motion for reconsideration, **IT IS HEREBY ORDERED THAT** the motion (Doc. No. 28; Doc. No. 30) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] As the Government notes, it inadvertently "neglected to file a brief in support of the motion until it was brought to its attention on September 10, 2007." (Doc. No. 29, at 3.)