IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC HAYES,** : | |
| **Petitioner** : | |
| : | **Criminal Action No. 1:05-cr-443** |
| **v.** : | |
| : | **(Chief Judge Kane)** |
| **UNITED STATES OF AMERICA,** : | |
| **Respondent** : | |

**MEMORANDUM ORDER**

Currently pending before the Court is Petitioner Eric Hayes's motion for an extension of time to file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on June 5, 2012. (Doc. No. 2027.) For the reasons stated more fully herein, the Court will deny Petitioner's motion.

**I.    TIME FOR FILING MOTION**

Following a jury trial, Petitioner was found guilty on October 12, 2007, of: (1) conspiracy to transport individuals for the purpose of engaging in prostitution and interstate and foreign travel in aid of racketeering enterprises; (2) interstate transportation in aid of racketeering enterprises; (3) persuading, inducing, enticing, coercing, and causing individuals to travel in interstate commerce to engage in prostitution; and (4) transportation of an individual in interstate commerce for the purpose of engaging in prostitution. (Doc. No. 1144.) On December 10, 2008, the Court sentenced Petitioner to be imprisoned for a term of 420 months. (Doc. No. 1678.) On June 29, 2011, the United States Court of Appeals for the Third Circuit affirmed this Court's judgment. (Doc. No. 1994.) Petitioner filed a petition for a writ of certiorari with the United States Supreme Court on September 27, 2011, and that Petition was denied on November 7, 2011. Eric Hayes v. United States, No. 11-6759 (S. Ct. Nov. 7, 2011).

Section 2255 provides for a one-year statute of limitation in which to file a motion to

vacate that runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). Where a defendant files a procedurally proper petition for writ of certiorari, the conviction will become final on the date the Supreme Court denies the petition or affirms on the merits. Kapral v. United States, 166 F.3d 565, 569 (3d Cir. 1999). In this matter, the Supreme Court denied the petition for writ of certiorari on November 7, 2011. Therefore, Petitioner will have one year from that date to file a motion to vacate pursuant to Section 2255.

## II.     MOTION FOR EXTENSION OF TIME

Petitioner filed a motion for extension of time to file a motion to vacate pursuant to Section 2255 on June 5, 2012. (Doc. No. 2027.) That motion contends that due to an institutional lock down from April 29, 2012, through May 23, 2012, Petitioner was unable to access the prison law library. (Id.)

The one-year time limit in Section 2255 has been interpreted as a statute of limitations, subject to equitable considerations including equitable tolling, rather than a jurisdictional requirement. Kapral, 166 F.3d at 567. Prior to the filing of a motion to vacate; however, there is no case or controversy and the Court does not have jurisdiction to consider a motion for an extension of time to file such a motion. See Anderson v. Pa. Attorney Gen., 82 F. App'x 745, 749 (3d Cir. 2003) (applying Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001)); United States v. Martin, No. 1:03-cr-360, 2009 U.S. Dist. LEXIS 43856, at *5-*7 (M.D. Pa. May 21, 2009). As such, a petitioner will not be entitled to an extension of time to file a motion to vacate pursuant to Section 2255 unless: (1) he requests the motion for extension upon or after filing a Section 2255 motion; and (2) he is able to demonstrate that "rare and exceptional circumstances" warrant equitable tolling. Anderson, 82 F. App'x at 749. Petitioner has not made even the

vaguest of allusions to being in prison in violation of the laws of the United States.  Therefore, the Court cannot construe his motion as a motion filed pursuant to Section 2255, and thus does not have jurisdiction to consider his motion for an extension of time.[1]

**ACCORDINGLY**, on this 11th day of June 2012, **IT IS HEREBY ORDERED THAT** Petitioner's motion for extension of time (Doc. No. 2027) is **DENIED WITHOUT PREJUDICE** to Petitioner's right to renew the motion upon the filing of a motion pursuant to Section 2255.

                                                 S/ Yvette Kane
                                                 Yvette Kane, Chief Judge
                                                 United States District Court
                                                 Middle District of Pennsylvania

---

[1] The Court cautions Petitioner that a number of courts have found that, standing alone, allegations of a prison lockdown are not one of those "rare and exceptional circumstances" that justify the application of equitable tolling.  See, e.g., United States v. Martinez, 303 F. App'x 590, 594 (10th Cir. 2008); Warmus v. United States, 253 F. App'x 2, 6 (11th Cir. 2007); Green v. United States, No. AW-10-2749, 2011 U.S. Dist. LEXIS 11915, at *8 (D. Md. Feb. 8, 2011); United States v. Jordan, No. 08-20117, 2010 U.S. Dist. LEXIS 107682, at *2 (D. Kan. Oct. 8, 2010); Hunter v. Davis, No. 09-0827, 2009 U.S. Dist. LEXIS 58109 (D. Colo. June 24, 2009); United States v. Shabazz, No. 02-731, 2006 U.S. Dist. LEXIS 72375, at *5 (E.D. Pa. Oct. 4, 2006).